450 A.2d 152

**COMMONWEALTH of Pennsylvania**

v.

**Sheldon DORIAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 27, 1981.

Filed Sept. 10, 1982.

Petition for Allowance of Appeal
Granted March 3, 1983.

Sheldon Dorian, in pro. per.

D. Gerald Long, District Attorney, Ebensburg, for Commonwealth, appellee.

Before SPAETH, HESTER and WATKINS, JJ.

WATKINS, Judge:

■ In this appeal by the defendant-appellant, Sheldon Dorian, it is claimed that the court below erred when it dismissed his P. C. H. A. petition, without a hearing. Defendant's petition alleged the court erred in dismissing his petition because Pennsylvania law holds that a defendant who is presently serving a valid sentence, the term of which is computed from the date he completed a constitutionally invalid sentence may contest the invalid sentence by way of a P. C. H. A. proceeding.

The defendant pled guilty to rape and assault with intent to ravish in March of 1951. He was sentenced to an indefinite term in prison up to a maximum term of fifteen (15) years as the result of his plea.

In November of 1954, the defendant pled guilty to prison breach (for which he was sentenced to two and one-half to

five [2½–5] years and auto theft (for which he received three and one-half to seven [3½–7] years), said sentences to run concurrently.

In 1965 a federal court invalidated his 1951 plea and sentence. The case was then remanded to the lower court. In August of 1965 the defendant pled guilty to assault with intent to ravish. The rape charge was nol prossed. He was sentenced to two and one-half to five (2½ to 5) years.

On March 9, 1981 the defendant was sentenced to six to twelve (6 to 12) years on a burglary charge. He was then serving two other sentences, viz., a seven and one-half to fifteen (7½ to 15) year term and a concurrent sentence of six (6) months to two (2) years (effective date of which was June 22, 1977). The first charge was as a result of an Armed Robbery conviction; the second for Prison Breach.

But for the burglary conviction (for the March 9, 1981 sentence) defendant's maximum sentence on prison breach would have expired on February 2, 1981. His maximum sentence on the Armed Robbery conviction would have expired on December 12, 1982.

■ The defendant argues that the sentence imposed on the 1951 rape charge was invalid and that therefore his subsequent sentences are invalid as sentences affected by the invalid one. This claim is meritless, as the federal court vacated the invalid plea and sentence in 1965 and defendant subsequently pled guilty in 1965. Thus, his subsequent sentences were not based on an invalid one and any P. C. H. A. hearing would be futile and frivolous.

Order affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

I am unable to join the majority in affirming the lower court's order denying appellant's P. C. H. A. petition without a hearing. As transmitted to us, the record is incomplete; the lower court's very brief opinion does not address the issues raised by appellant *pro se;* and counsel appointed to

represent appellant has filed no brief. I should therefore remand for completion of the record and appointment of new counsel.

As the majority notes, appellant was sentenced in 1951 and 1954, and then, when the 1951 sentence was vacated, in 1965 he was resentenced on the 1951 charges. As filed on August 26, 1980, appellant's P. C. H. A. petition challenged the legality of the sentences imposed in 1954; as amended on October 23, 1980, the petition further challenged the legality of the sentence imposed in 1965. Although the petition, the lower court's order, and appellant's notice of appeal all include the docket numbers of the 1954 charges, the lower court has provided us with no record pertaining to those charges. As transmitted to us, the record pertains only to the 1951 charges.

Appellant indicated on his petition that he did not wish counsel to be appointed, but after the lower court denied the petition, he asked that counsel be appointed to assist him on this appeal. On January 20, 1981, the lower court did appoint counsel. That counsel has never entered his appearance, either in the lower court or this court, nor has he filed a brief in this court. On appellant's behalf we have only appellant's brief *pro se.*

In these circumstances, I am unable to reconstruct the history of appellant's contacts with the criminal justice system over the past 30 years. The majority's account draws on facts contained in the briefs but not in the record. However, as best I can understand appellant's argument, it is not as the majority states it. Instead, appellant appears to argue, first, that the length of the 1954 sentences was affected by the sentencing court's view of what happened in 1951—a view that proved inconsistent with the findings of the federal court in 1965, and second, that the sentence imposed in 1965 was invalid because its minimum term, of two and one half years, was longer than the period he had already served, of twenty months. These arguments may have no merit. However, before dismissing them we should have the benefit of a complete record and an advocate's brief.

I should remand for further proceedings consistent with this opinion.